### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| **VERSUS** | **NO.   24-197** |
| **JAHBRELL PRICE** | **SECTION:  "G"** |

## ORDER AND REASONS

Before the Court is the Defendant Jahbrell Price's ("Price") Motion to Dismiss Count Two of the Indictment.[1] Price argues that 18 U.S.C. § 922(o), which prohibits the possession of a machinegun, is unconstitutional under recent Second Amendment jurisprudence.[2] He also argues that Section 922(o) violates the Commerce Clause.[3] The government opposes the motion.[4] For the reasons discussed in more detail below, the Court finds that Section 922(o) does not violate the Second Amendment or the Commerce Clause. Therefore, having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

On August 23, 2024, a federal grand jury in the Eastern District of Louisiana indicted Price for possession with the intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(3) (Count One) and possession of a machinegun, in violation of 18 U.S.C.

---

[1] Rec. Doc. 40.

[2] Rec. Doc. 40-1.

[3] *Id.*

[4] Rec. Doc. 48.

§§ 922(o) and 924(a)(2) (Count Two).[5] On April 8, 2025, Price filed the instant Motion to Dismiss

Count 2.[6] On May 27, 2025, the government filed an opposition to the motion to dismiss.[7] On June

6, 2025, Price filed a reply brief in further support of the motion.[8] Price waived an in-person

hearing and oral argument on the motion.[9]

## II. Parties' Arguments

### A.    *Price's Arguments in Support of the Motion*

Price raises two arguments in support of this motion. First, Price argues that Section 922(o)

is unconstitutional as applied to him under the Second Amendment as interpreted in *New York

State Rifle & Pistol Association, Inc. v. Bruen*.[10] Price points out that the complaint alleges a

machinegun was found in a hotel room registered to Price—not carried on his person.[11] Thus, Price

suggests this case specifically implicates the right to keep arms.[12] Price contends the history of

regulations on keeping arms (as opposed to carrying arms) is scarce.[13] Price argues the government

will not be able to provide sufficient evidence in the form of historical laws from the Founding era

that are relevantly similar to Section 922(o) as applied to Price's specific.[14]

---

[5] Rec. Doc. 24.

[6] Rec. Doc. 40.

[7] Rec. Doc. 48.

[8] Rec. Doc. 54.

[9] Rec. Doc. 50.

[10] Rec. Doc. 40-1 at 5 (citing *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).

[11] *Id.* at 7.

[12] *Id.*

[13] *Id.*

[14] *Id.* at 8.

Second, Price asserts Section 922(o) is unconstitutional because it exceeds Congress's power to regulate commerce.[15] However, he acknowledges this argument is foreclosed by Fifth Circuit precedent.[16]

### B.    The Government's Arguments in Opposition to the Motion

The government asserts that the motion should be denied for multiple reasons.[17] According to the government, Supreme Court precedent establishes that regulations of machineguns fall outside the Second Amendment's ambit, and *Bruen* did not alter that precedent.[18] The government submits the Fifth Circuit also held that because machineguns are unusual and dangerous weapons they fall outside the Second Amendment's protections.[19] The government suggests that *Bruen* reaffirmed these holdings by explaining that there is a "fairly supported" historical tradition of prohibiting the carrying of "'dangerous and unusual weapons.'"[20] The government contends that the federal courts of appeal have uniformly upheld 18 U.S.C. § 922(o) against Second Amendment challenges, and the government cites numerous district court opinions holding that challenges to 18 U.S.C. § 922(o) post-*Bruen* fail because machineguns are dangerous and unusual weapons that are outside the scope of the protection of the Second Amendment.[21]

---

[15] *Id.*

[16] *Id.* at 9 (citing *United States v. Knutson*, 113 F.3d 27 (5th Cir. 1997)).

[17] Rec. Doc. 48.

[18] *Id.* at 3 (citing *United States v. Miller*, 307 U.S. 174, 178 (1939); *District of Columbia v. Heller*, 554 U.S. 570, 627 (2008)).

[19] *Id.* (citing *Hollis v. Lynch*, 827 F.3d 436 (5th Cir. 2016)).

[20] *Id.* at 4 (citing *Bruen*, 597 U.S. at 21).

[21] *Id.* at 4–7.

Finally, the government contends the Fifth Circuit has held that manufacturing, possession, and trafficking of machine guns does substantially affect interstate commerce.[22] Therefore, the government argues Congress was well within its Commerce Clause authority in enacting Section 922(o).[23]

### C.     Price's Arguments in Further Support of the Motion

In reply, Price contends the government's argument that the Second Amendment does not protect machineguns is wrong as a matter of law.[24] According to Price, the government is relying on obsolete prior precedent. [25] Price argues that the government has not established a historical tradition of prohibiting the keeping of arms.[26] Finally, Price asserts the government has not established that machineguns are "unusual."[27]

### III. Applicable Law

Federal Rule of Criminal Procedure 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Among other defenses, objections or requests available under Federal Rule of Criminal Procedure 12(b), a party may move to dismiss an indictment based on "a defect in the indictment," including "failure to state an offense."[28] "The propriety of granting a motion to dismiss an indictment . . . is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or

---

[22] *Id.* at 9.

[23] *Id.*

[24] Rec. Doc. 54 at 1.

[25] *Id.* at 2.

[26] *Id.* at 5.

[27] *Id.* at 7.

[28] Fed. R. Crim. P. 12(b)(3)(B)(v).

involves determinations of fact. . . . If a question of law is involved, then consideration of the motion is generally proper."[29]

## IV. Analysis

### A. Whether Section 922(o) is Unconstitutional as Applied to Price

Price raises an as-applied challenge to 18 U.S.C. § 922(o). Section 922(o) makes it "unlawful for any person to transfer or possess a machinegun." A machinegun is "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger."[30] Price argues that this statute is unconstitutional as applied to him because there is not a historical tradition targeting the keeping of firearms.

The Second Amendment states, "A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed." In *District of Columbia v. Heller*, the Supreme Court struck down "a District of Columbia prohibition on the possession of usable handguns in the home," finding that the statute violated the Second Amendment.[31] The Supreme Court explained "that the Second Amendment . . . codified a pre-existing right" for individuals to "possess and carry weapons in case of confrontation."[32] However, the Court recognized that, "[l]ike most rights, the right secured by the Second Amendment is not unlimited," and can be subject to certain restrictions, such as the "longstanding prohibitions on the possession of firearms by felons and the mentally ill."[33]

---

[29] *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011) (internal citations omitted).

[30] 26 U.S.C. § 5845(b).

[31] 554 U.S. 570, 573 (2008).

[32] *Id.* at 592.

[33] *Id.* at 626.

5

Following *Heller*, the Fifth Circuit "adopted a two-step inquiry for analyzing laws that might impact the Second Amendment."[34] In *New York State Rifle & Pistol Ass'n v. Bruen*, the Supreme Court abrogated the two-step approach that the Fifth Circuit and other courts had adopted following *Heller*.[35] The Supreme Court established a new approach to assess the constitutionality of a law that restricts the right to bear arms.[36] First, "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct."[37] Second, when a regulation burdens such conduct, "[t]he government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation."[38]

Courts across the country have consistently held that Section 922(o) regulates conduct outside the scope of the Second Amendment. In *Heller*, the Supreme Court emphasized that "the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes, such as short-barreled shotguns."[39] The Fifth Circuit subsequently held that machine guns are not protected by the Second Amendment because they "are dangerous

---

[34] *United States v. McGinnis*, 956 F.3d 747, 753 (5th Cir. 2020) (internal citations and quotation marks omitted). The two-step inquiry proceeded as follows:

> First, we ask whether the conduct at issue falls within the scope of the Second Amendment right. To make that determination, we look to whether the law harmonizes with the historical traditions associated with the Second Amendment guarantee. If the burdened conduct falls outside the scope of the Second Amendment, then the law is constitutional and the inquiry is over. Otherwise, we proceed to step two, where we must determine and apply the appropriate level of means-ends scrutiny—either strict or intermediate.

*Id.* at 754 (internal citations and quotation marks omitted).

[35] *Bruen*, 597 U.S. at 17.

[36] *Id.*

[37] *Id.*

[38] *Id.*

[39] *Heller*, 554 U.S. at 625.

and unusual and therefore not in common use."[40] Nothing in *Bruen* can be reasonably read to call this holding into question. In fact, *Bruen* positively cites *Heller* for the proposition that there is a "fairly supported . . . historical tradition of prohibiting the carrying of 'dangerous and unusual weapons.'"[41]

While Fifth Circuit has had an opportunity to opine on the constitutionality of Section 922(o) post-*Bruen*, the Sixth Circuit recently found that it was still bound by pre-*Bruen* precedent holding that Section 922(o) does not violate the Second Amendment.[42] District courts throughout the Fifth Circuit and the rest of the country have also rejected post-*Bruen* challenges to Section 922(o).[43] Because the statute regulates conduct outside of the scope of the Second Amendment, the *Bruen* analysis ends at the first step. Therefore, the Court need not analyze whether the statute is consistent with the Nation's historical tradition of firearms regulation.

---

[40] *Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016).

[41] *Bruen*, 597 U.S. at 22 (citing *Heller*, 554 U.S. at 627).

[42] *United States v. Greely*, No. 23-1978, 2025 WL 1797223, at *4 (6th Cir. June 30, 2025) ("This Court held that the Section 922(o) challenge 'has been directly foreclosed by the Supreme Court, which specifically instructed in Heller that 'the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes.' Greely vaguely argues that *Hamblen* is inapplicable because it was decided before the Supreme Court's decision in *Bruen*, which requires a 'different framework' of analysis. Yet *Hamblen* is a published case, and is therefore binding on this Court unless an en banc panel or the Supreme Court overturns it—neither of which has occurred. Furthermore, there is nothing in the Supreme Court's *Bruen* progeny that would demonstrate that we must depart from *Hamblen* for purposes of disposing of Greely's facial challenge.").

[43] *See United States v. Hart*, No. 23-293, 2024 WL 893335, at *3 (D. Minn. Mar. 1, 2024); *United States v. Bachmann*, No. 8:23-CR-304, 2024 WL 730489, at *2 (M.D. Fla. Feb. 22, 2024); *United States v. Taylor*, No. 3:23CR129, 2024 WL 478041, at *2 (E.D. Va. Feb. 7, 2024); *United States v. Williams*, No. 21-CR-00745, 2024 WL 308460, at *2 (N.D. Ill. Jan. 26, 2024); *United States v. Berger*, 715 F. Supp. 3d 676, 693 (E.D. Pa. 2024); *United States v. Delafose*, No. 2:23-CR-00185-01, 2023 WL 7368239, at *2 (W.D. La. Nov. 7, 2023); *United States v. Sturgeon*, No. CR 23-6-DLB-CJS-1, 2023 WL 6961618, at *3 (E.D. Ky. Oct. 20, 2023); *United States v. Smith*, No. CR 23-28-DLB-CJS, 2023 WL 6880423, at *2 (E.D. Ky. Oct. 18, 2023); *United States v. Lane*, 689 F. Supp. 3d 232, 252 (E.D. Va. 2023); *United States v. Kittson*, No. 3:21-CR-00075-IM, 2023 WL 5015812, at *2 (D. Or. Aug. 7, 2023); *United States v. Cooperman*, No. 22-CR-146, 2023 WL 4762710, at *3 (N.D. Ill. July 26, 2023); *DeWilde v. United States*, No. 1:23-CV-00003-SWS, 2023 WL 4884582, at *8 (D. Wyo. July 17, 2023), *aff'd sub nom. DeWilde v. Att'y Gen. of United States*, No. 23-8054, 2024 WL 1550708 (10th Cir. Apr. 10, 2024); *United States v. Dixon*, No. 22 CR 140, 2023 WL 2664076, at *3 (N.D. Ill. Mar. 28, 2023); *United States v. Simien*, 655 F. Supp. 3d 540, 553 (W.D. Tex. 2023), *reconsideration denied*, No. SA-22-CR-00379-JKP, 2023 WL 3082358 (W.D. Tex. Apr. 25, 2023).

***B.      Whether Section 922(o) Exceeds Congress' Power to Regulate Commerce***

Price also challenges 18 U.S.C. § 922(o) on Commerce Clause grounds. However, he concedes that this argument is foreclosed by Fifth Circuit precedent.[44] In *United States v. Knutson*, the Fifth Circuit held that Congress could have had a rational basis for concluding that Section 922(o) regulates conduct that has a substantial effect on interstate commerce, and that Congress was well within its Commerce Clause authority in enacting Section 922(o).[45] Therefore, Price's argument that Section 922(o) exceeds Congress' power to regulate commerce must fail.

## V. Conclusion

For the reasons discussed above, the Court finds that Section 922(o) does not violate the Second Amendment as applied to Price. Section 922(o) also does not exceed Congress' power to regulate commerce. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Jahbrell Price's Motion to Dismiss Count Two of the Indictment[46] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this  13th  day of August, 2025.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[44] *United States v. Seekins*, No. 21-10556, 2022 WL 3644185, at *2 (5th Cir. Aug. 24, 2022)

[45] *Knutson*, 113 F.3d at 31.

[46] Rec. Doc. 40.